IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DAVID MEYERS,                          :
                                       :
          Petitioner                   :
                                       :          CIVIL NO. 1:10-CV-1151
                                       :
     v.                                :          Hon. John E. Jones III
                                       :
                                       :
WARDEN R. MARTINEZ,                     :
                                       :
          Respondent                   :

## MEMORANDUM and ORDER

June 4, 2010

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

Petitioner David Meyers ("Petitioner" or "Meyers"), an inmate presently

confined at the United States Penitentiary - Allenwood ("USP Allenwood") in White

Deer, Pennsylvania, initiated the above action *pro se* by filing a Petition for Writ of

Habeas Corpus ("Petition") under the provisions of 28 U.S.C. § 2241.  He also has

filed a Motion for Leave to proceed *in forma pauperis* (Doc. 2) along with a

Declaration (Doc. 3) stating that he has a zero balance in his prison account.

The Petition currently is before the Court for screening under Rule 4

("Preliminary Consideration by the Judge") of the Rules Governing Section 2254

Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable

to § 2241 petitions under Rule 1(b)). *See, e.g.*, *Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979). Meyers' request to proceed *in forma pauperis* will be granted. For the reasons set forth below, several of Meyers' claims will be dismissed without prejudice to any right he may have to pursue them in a properly filed civil rights action. Service of the Petition will be directed, and Respondent will be directed to respond to the remaining claims.

## I.      BACKGROUND

On December 17, 2009, Meyers was sentenced in the United States District Court for the Eastern District of Virginia after he entered a plea of guilty. (*See* Doc. 1 at 2.) Meyers states that his direct appeal from his judgment of sentence is pending. (*See id.* at 2-3.) He also claims that he has actions pending in the United States Court of Appeals for the Third Circuit; the United States District Court for the Eastern District of Pennsylvania; and the United States District Court for the Eastern District of Virginia.[1] (*See id.* at 3.) Meyers presents his grounds in narrative form rather than

---

[1]A review of the docket in these courts reveals the following with regard to Meyers' filings: on March 22, 2010, Meyers filed an application for leave to file a second or successive petition pursuant to 28 U.S.C. § 2244(b) in the Third Circuit Court of Appeals (*See In re: David Meyers*, No. 10-1763); on April 9, 2010, Meyers filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the United States District Court for the Eastern District of Pennsylvania (*See Meyers v. Ebbert*, Case 2:10-CV-01607-ER); and, on May 12, 2010, Meyers filed a motion under the provisions of 28 U.S.C. § 2255 in the United States District Court for the Eastern District of Virginia (*See Meyers v. USA*, Case No. 3:10-CV-00320-JRS). All of these cases are active. In addition, a review of the docket for the Fourth Circuit Court of Appeals reveals that Meyers'direct appeal from his judgment of sentence, filed on December 28, 2009, is at the briefing stage. (*See US v. David Meyers*, Docket No. 10-4006.)

in distinct paragraphs.  His grounds may be summarized as follows:

> **1)** Respondent directed BOP staff to place Meyers in the General Population where an inmate was waiting to kill him (Doc. 1 at 3 ¶ 9);

> **2)** the BOP failed to properly credit the time Meyers spent confined in the Federal Detention Center ("FDC") Philadelphia from June 1, 2007 through June 23, 2007 to the sentence he currently is serving (*see id.*);

> **3)** the BOP failed to follow the direction of the sentencing court to place Petitioner in a federal medical center to receive psychiatric treatment, and therefore, he is being held unlawfully at USP Allenwood (*see id.* at 3, 4)

> **4)** there is no Mental Health Unit ("MHU") at USP Allenwood, and Respondent is denying him adequate medical care for his psychiatric illnesses and other medical conditions (*see id.* at 3);

> **5)** Respondent refuses to stop performing PPD skin tests on Petitioner for tuberculosis even though Petitioner is allergic to the tests and is experiencing side effects (*see id.* at 3-4);

> **6)** Respondent has informed inmates in the General Population that Petitioner is an informant and the inmates intend on murdering him even though he is retarded (*see id.* at 4);

> **7)** the BOP Designation Sentence Computation Center ("DSCC") ordered Petitioner to be released on December 27, 2010 on home release, and Respondent is denying him release and has untruthfully scored his security classification level (*see id.*);

> **8)** Petitioner's projected release date and home detention eligibility date are incorrect due to the BOP's incorrect calculation of his sentence (*see id.*);

> **9)** On February 23, 2010, Respondent allowed an inmate to be placed in Petitioner's cell, and the inmate stabbed, cut, and sexually

3

assaulted Petitioner, and Respondent failed to provide medical treatment for the resulting injuries (*see id.*); and

     **10)** On April 24, 2010, Respondent again allowed an inmate to be placed in Petitioner's cell, and the inmate held Petitioner hostage for thirty-six (36) hours while assaulting him at knife point (*see id.*).

## II.    DISCUSSION

The purpose of a petition for writ of habeas corpus is to allow a person in custody to challenge either the fact or duration of confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002). Federal habeas relief is unavailable unless the petition attacks "the validity of the continued conviction or the fact or length of the sentence." *Leamer*, 288 F.3d at 542. Under section 2241, a petitioner also may challenge the "execution" of his sentence, meaning how it is "put into effect" or "carr[ied] out." *Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 243-44 (3d Cir. 2005) (allowing habeas challenge under 2241 to prison's refusal to transfer inmate to halfway house). However, when seeking to impose liability due to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, the appropriate remedy is a civil rights action. *See Leamer*, 288 F.3d at 540. In such cases, "habeas corpus is *not* an appropriate or available federal remedy." *See Linnen v. Armainis*, 991 F.2d 1102, 1109 (3d Cir. 1993) (quoting *Preiser*, 411 U.S. at 494).

**A.      Grounds 2, 3,7, and  8**

Meyers' claims that Respondent took his good conduct time (Ground 2); that

the BOP failed to properly credit the sentence he currently is serving for the time he

spent in confinement prior to his sentencing, which has resulted in a miscalculation of

his projected release date and home confinement eligibility date (Grounds 2, 8); that

the Bureau of Prisons ("BOP") has failed to follow the direction of the sentencing

court to place him in a federal medical center to receive psychiatric treatment

(Ground 3); and that the BOP is denying him release even though the BOP DSCC

calculated his date of eligibility date for home release to be December 27, 2010

(Ground 7) are challenges to the execution of his sentence and thus are properly

presented in the instant Petition filed under the provisions of 28 U.S.C. § 2241.

Respondent will be directed to respond to those claims.

**B.      Grounds 1, 4, 5, 6, 9, and 10**

Meyers asserts claims in the instant Petition that do not constitute challenges to

the fact or duration of his confinement, but instead challenge the conditions of his

confinement.  His claims that Respondent directed BOP staff to place him in the

General Population where an inmate was waiting to kill him (Ground 1); that

Respondent informed inmates in the General Population that he is an informant

(Ground 6); and that on two occasions, February 23 and April 24, 2010, Respondent

allowed an inmate to be placed in Petitioner's cell who assaulted Respondent

5

(Grounds 9, 10), all constitute failure-to-protect claims under the Eighth Amendment to the Constitution.

In addition, Meyers' claims that Respondent is denying him adequate medical caer for his psychiatric illnesses and other medical conditions (Ground 4); that Respondent refuses to stop performing PPD skin tests on him for tuberculosis even though Meyers is allergic to the tests and is experiencing side effects (Ground 5); and that Respondent failed to provide him with medical treatment for his injuries following the February 23, 2010 assault by another inmate (Ground 9), all constitute claims of inadequate medical care under the Eighth Amendment to the Constitution. Meyers' failure-to-protect claims and inadequate medical claims do not challenge the fact or length of his sentence, and therefore may not be pursued through the instant Petition. Accordingly, these claims will be dismissed without prejudice to any right Meyers may have to pursue them in a properly filed civil rights action.

## III.   CONCLUSION

For the reasons set forth above, service of the Petition will be directed, and Respondent will be directed to file a response solely as to Grounds 2, 3, 7, and 8. The remaining grounds will be dismissed without prejudice to any right Petitioner may have to pursue them in a properly filed civil rights action.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.     Petitioner's Motion for leave to proceed *in forma pauperis* (Doc. 2) is

**GRANTED.**

2.  Grounds 1, 4, 5, 6, 9, and 10 set forth above are **DISMISSED** without prejudice to any right Petitioner may have to pursue them in a properly filed civil rights action.

3.  The Clerk of Court is directed to serve copies of the Petition (Doc. 1) and this Order on Respondent and the United States Attorney.

4.  Within twenty-one (21) days from the date of this Order, Respondent shall file an answer solely as to Grounds 2, 3, 7, and 8 set forth above.

5.  Respondent shall file a Memorandum of Law with the Answer. The Memorandum shall set forth the relevant facts and procedural history of the case, a recommended disposition of the Petition, and citations to pertinent case law.

6.  Petitioner shall, if he so desires, file a Reply Brief within **fourteen (14) days** of receipt of Respondent's filings.

                              s/ John E. Jones III
                              John E. Jones III
                              United States District Judge