IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DAVID MEYERS, :
:
    Petitioner :
: CIVIL NO. 1:10-CV-1151
:
v. : Hon. John E. Jones III
:
:
WARDEN R. MARTINEZ, :
:
    Respondent :

## <u>MEMORANDUM</u>

July 9, 2010

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

    Petitioner David Meyers ("Petitioner" or "Meyers"), an inmate presently confined at the United States Penitentiary - Allenwood ("USP Allenwood") in White Deer, Pennsylvania, initiated the above action *pro se* by filing a Petition for Writ of Habeas Corpus ("Petition") under the provisions of 28 U.S.C. § 2241. (Doc. 1.) For the reasons set forth below, the Petition will be denied.

**BACKGROUND**

**I.    Factual Background**

    On December 17, 2009, Meyers was sentenced in the United States District Court for the Eastern District of Virginia to a sixty-three (63) month term of

imprisonment after he entered a plea of guilty to a charge of Felon in Possession of a Firearm.[1] (*See* Doc. 7-2 at 4, Jones Decl., ¶ 5; Doc. 7-2 at 14, Judgment of Sentence.) The charge stemmed from Meyers' arrest on December 1, 2006 by Virginia State authorities for Possession of a Firearm by a Convicted Felon, Possession of a Firearm While in Possession of Drugs, and Possession of Controlled Substances. (*See* Doc. 7-2 at 3, Jones Decl., ¶ 3.) On February 16, 2007, the state charges were *nolle prossed* and Meyers remained in state custody on a federal hold. (*Id.*) On February 21, 2007, Meyers was released to the custody of the Bureau of Alcohol, Tobacco and Firearms for the offense of Possession of a Firearm by a Convicted Felon. (*Id.*; Doc. 7-2 at 11-12, U.S. Marshals Service, Custody and Detention Report.)

## II. Procedural Background

Meyers filed the instant Petition on May 28, 2010. After screening the Petition, in a Memorandum and Order dated June 4, 2010, Grounds 1, 4, 5, 6, 9, and 10 were dismissed without prejudice to any right Petitioner may have to pursue them in a properly filed civil rights action. (*See* Doc. 5.) We also found as follows with respect to the remaining grounds:

> Meyers' claims that Respondent took his good conduct time (Ground 2); that the BOP failed to properly credit the sentence he currently is serving for the time he spent in confinement prior to his sentencing, which has

---

[1] Meyers' direct appeal from his judgment of sentence, filed on December 28, 2009 in the Fourth Circuit Court of Appeals, is at the briefing stage. (*United States v. Meyers*, Docket No. 10-4006.)

2

> resulted in a miscalculation of his projected release date and home confinement eligibility date (Grounds 2, 8); that the Bureau of Prisons ("BOP") has failed to follow the direction of the sentencing court to place him in a federal medical center to receive psychiatric treatment (Ground 3); and that the BOP is denying him release even though the BOP DSCC [Designation and Sentence Computation Center] calculated his date of eligibility date for home release to be December 27, 2010 (Ground 7) are challenges to the execution of his sentence and thus are properly presented in the instant Petition filed under the provisions of 28 U.S.C. § 2241.

(*Id.* at 5.) Accordingly, we directed Respondent to file an answer to the Petition solely as to Grounds 2, 3, 7, and 8 within twenty-one (21) days. A Response (Doc. 7) and supporting exhibits (Doc. 7-2) were filed on June 24, 2010. Meyers filed his reply brief (Doc. 10) and supporting exhibits (Doc. 11) on July 2, 2010. Accordingly, the Petition is ripe for disposition.

**DISCUSSION**

Although 28 U.S.C. § 2241 does not contain a statutory exhaustion requirement, courts in the Third Circuit consistently have required a petitioner to exhaust his administrative remedies before filing a petition for a writ of habeas corpus. *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996) (citing *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981) (per curiam)); *e.g.*, *Callwood v. Enos*, 230 F.3d 627, 632 (3d Cir. 2000). The Third Circuit requires administrative exhaustion for habeas claims raised under § 2241 because "(1) allowing the appropriate agency to develop a factual record and apply its expertise

3

facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." *Moscato*, 98 F.3d at 761-62 (citations omitted).

The BOP has a three-level Administrative Remedy Program that is available to inmates for "review of an issue which relates to any aspect of their confinement." 28 C.F.R. § 542.10. Inmates first must informally present their complaints to staff, and staff shall attempt to informally resolve any issue before an inmate files a request for administrative relief. 28 C.F.R. § 542.13(a). If unsuccessful at informal resolution, the inmate may raise his complaint with the warden of the institution where he is confined through the submission of a BP-9 form. *Id.* at § 542.14(a). If dissatisfied with the response, the inmate may appeal an adverse decision first to the Regional Office and then to the Central Office of the BOP. *Id.* at § 542.15(a). An exception is made for DHO appeals which are first raised directly to the Regional Director and then to the Central Office. *Id.* at § 542.14(d)(2). No administrative remedy appeal is considered to have been fully exhausted until it has been denied by the Central Office of the BOP. *Id.*

The BOP records submitted with the Response in the instant case reveal that, as of June 18, 2010, Meyers had filed fourteen (14) administrative remedies. (*See* Doc. 7-2 at 5, Jones Decl., ¶ 10; Doc. 7-2 at 38-45, Admin. Remedy Generalized

4

Retrieval.)  A review of those remedies further reveals that Meyers never has filed any requests for administrative remedy at the Central Office level, which is required in order to exhaust the administrative remedy process.  (*See* Doc. 7-2 at 5 ¶ 11; Doc. 7-2 at 38-45.)  In addition, Meyers never filed any administrative remedies relating to the calculation of his sentence or to his home confinement eligibility date.  (*See* Doc. 7-2 at 5 ¶ 12; Doc. 7-2 at 38-45.)  As such, we conclude that he has failed to exhaust his administrative remedies with respect to the claims asserted in Grounds 2, 3, 7, and 8.

Notwithstanding this failure to exhaust, having reviewed the record in this action, we observe that there is no merit to the claims asserted by Meyers in Grounds 2, 3, 7, and 8.  With respect to his claim that the BOP failed to properly credit his sentence for the time he spent in confinement prior to his sentencing, which has resulted in not being credited with good conduct time, and a miscalculation of his projected release date and home confinement eligibility date (Grounds 2, 8), it is apparent from the record that the BOP properly calculated Meyers' sentence in accordance with Program Statement ("P.S.") 5880.28, *Sentence Computation Manual*, and that prior custody credit was applied in accordance with 18 U.S.C. § 3585(b).  (*See* Doc. 7-2 at 4, Jones. Decl., ¶ 6; Doc. 7-2 at 21, Excerpt from P.S. 5880.28.)  The calculation was based on the sixty-three (63) month term of imprisonment with the application of 1112 days prior custody credit, which represented the date of the arrest

on state charges, December 1, 2006, through December 16, 2009, the date immediately prior to the imposition of the federal sentence. (*See* Doc. 7-2 at 4 ¶ 6.) Meyers' computation currently reflects a projected satisfaction date of July 8, 2011, via good conduct time release. (*Id.* ¶ 7; Doc. 7-2 at 23, Sentence Monitoring Computation Data.) Although Meyers attempts to explain in his reply brief how his sentence was miscalculated (*see* Doc. 10 at 1-2), his explanation alone is insufficient to refute the official calculation of his sentence, including his projected release date, via good conduct time release, provided by the BOP.

As to his claim that the BOP is denying him release to home confinement (Ground 7), Meyers' sentence computation reflects a home detention eligibility date of January 8, 2011, which is six (6) months from his release date of July 8, 2011. (Doc. 7-2 at 4 8; Doc. 7-2 at 26-35, P.S. 7320.01, *Home Confinement*.) The BOP has authority "to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or six months." 18 U.S.C. § 3624(c)(2). Six months is shorter than ten (10) percent of Meyers' sixty-three (63) month sentence. (*See* Doc. 7-2 at 4 ¶ 8.) Therefore, Meyers' home detention eligibility date was properly calculated by the BOP.

Finally, with regard to Meyers' claim that the BOP has failed to carry out the directive of the sentencing court to place Meyers in a Federal Medical Center to receive psychiatric treatment (Ground 3), a review of Meyers' Judgment in a Criminal

6

Case shows that the sentencing court did not designate him to a Federal Medical Center in committing him to the custody of the BOP. (*See* Doc. 7-2 at 15, Judgment in a Criminal Case.) The only mention of mental health treatment in the Judgment is in the section entitled "Special Conditions of Supervision," in which the sentencing court directed that Meyers participate in a program approved by the Probation Department for mental health treatment during his supervised release. (*See id.* at 17.) Because the Judgment did not direct that Meyers be placed in a Federal Medical Center, Meyers has not shown that the BOP has failed to follow the terms set forth by the sentencing court in carrying out his sentence.

**CONCLUSION**

Based on our determination that Meyers has failed to exhaust his administrative remedies with respect to his claims, and our determination that the claims lack merit, the Petition for Writ of Habeas Corpus will be denied. An appropriate Order will enter.